[979 NYS2d 513]

In the Matter of Scott M. Gibson (Admitted as Scott Mackenzie Gibson), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 9, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Scott M. Gibson*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Scott M. Gibson was admitted to the practice of law in the State of New York by the Second Judicial Department on November 17, 1982 under the name Scott Mackenzie Gibson. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.

In a previous order, this Court suspended respondent from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii) and (iii), based on bank records and admissions he made under oath during the deposition taken in the course of the Committee's investigation, in which he acknowledged his misappropriation and conversion of client funds and his failure to maintain required IOLA account records (*see* 104 AD3d 228 [1st Dept 2013]).

The Departmental Disciplinary Committee now moves pursuant to 22 NYCRR 603.11 for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys.

Respondent's affidavit of resignation, sworn to on September 23, 2013, acknowledges that he is the subject of formal charges filed by the Committee that are currently pending before a referee regarding the foregoing alleged professional misconduct in relation to his IOLA account, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and (b) and 8.4 (c) and (h). He states that his resignation is submitted freely, voluntarily and without coercion or duress, that he is fully aware of the implications of submitting his resignation, and that he cannot successfully defend himself on the merits of the pending charges. His affidavit of resignation therefore satisfies 22 NYCRR 603.11 (a) (1)-(3).

Accordingly, the Committee's motion should be granted and respondent's affidavit of resignation from the practice of law accepted, and his name stricken from the roll of attorneys effective nunc pro tunc to September 23, 2013.

Tom, J.P., Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 23, 2013.